UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK BRIAN WARNER,

        Petitioner,

   v.

SCOTT SPEER,

        Respondent.

CASE NO. 3:25-cv-5007-RSL-GJL

ORDER TO SHOW CAUSE

The District Court has referred this federal habeas action to United States Magistrate Judge Grady J. Leupold. Petitioner Mark Brian Warner is a state prisoner currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a judgment and sentence entered in Kitsap County Superior Court case number 19-1-01710-18. Dkt. 1-2 at 1. Petitioner, proceeding *pro se*, presents to the Court for filing a Petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he challenges the validity of his current custody, asserting that he was denied counsel at a critical stage of his criminal proceedings in violation of the Sixth Amendment to the United States Constitution. *Id*. at 6, 10.

ORDER TO SHOW CAUSE - 1

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner's Petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254. In order to obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)–(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. O'Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

In this case, Petitioner makes clear that he has not presented the issue raised in his Petition to any state appellate court for review. Dkt. 1-2 at 2–5. Petitioner's claim is therefore unexhausted and not currently eligible for federal habeas review. Accordingly, the Court hereby **ORDERS** as follows:

(1) Petitioner shall **SHOW CAUSE**, not later than **thirty (30) days** from the date on which this Order is signed, why his Petition and this action should not be **DISMISSED** for failure to exhaust state court remedies. Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

ORDER TO SHOW CAUSE - 2

(2) The Clerk is directed to **NOTE** this matter on the Court's Motion calendar for **February 7, 2025**, for review of Petitioner's response to this Order to Show Cause.

(3) The Clerk is directed to send copies of this Order to Petitioner and to the Honorable Robert S. Lasnik.

Dated this 8th day of January, 2025.

Grady J. Leupold
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3